

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CASE NO. 00-6318-CR-DIMITROULEAS |
| ) | Magistrate Judge Snow |
| ) | |
| v. ) | |
| ) | |
| OSWALDO RENFRUM, | |
| EUGENE MIERAK AND ) | |
| ORLANDO JANSEN ) | |
| Defendants. ) | **GOVERNMENT'S RESPONSE TO** |
| _____ ) | **THE STANDING DISCOVERY ORDER** |

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.  1.  We have provided audio\video tapes which contain recordings of conversations had by the defendants.

        2.  The following is the substance of an oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent which the government intends to use at trial: <u>See attached post arrest statements of Renfrum, Jansen and Mierak along with Advice of Rights forms.</u>

        3.  No defendant testified before the Grand Jury.

        4.  The NCIC record of the defendant, if any exists, will be made available upon receipt by this office. No known records in the United States that the Government is aware of.

        5.  Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the



        defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 E. Broward Blvd., Ste 700, Ft. Lauderdale, Fl 33394. Please call the undersigned to set up a date and time that is convenient to both parties.

        The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. A laboratory analysis of the substance seized in connection with this case will be made available to you upon receipt by this office.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976). See attachment.

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959). See attachment.

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. See attachment.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b).

2

You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant at this time.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, _Brady_, _Giglio_, _Napue_, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the

3

government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

        Time:    About 1:50 p.m.
        Date:    October 19, 2000
        Place:   Ft. Lauderdale, Fl

The attachments to this response are numbered pages _6_ - _8_. Please contact the undersigned Assistant United States Attorney if any pages are missing.

                Respectfully submitted,

                GUY A. LEWIS
                UNITED STATES ATTORNEY

By: _____
                JEFFREY H. KAY
                Assistant United States Attorney
                Florida Bar No. 208035
                500 E. Broward Blvd., 7th flr
                Ft. Lauderdale, Fl 33394
                Tel: (954) 356-7255
                Fax: (954) 356-7336

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 15 day of November, 2000 to: Sam Smargon, Assistant Federal Public Defender, 101 N.E. 3rd Ave., Ft. Lauderdale, Fl 33301; Howard Greitzer, Esq., and Bill Norris, Esq.

JEFFREY H. KAY
Assistant United States Attorney

5

Attachment to Paragraphs C, D, & E

The confidential source in this case currently has a case pending in Palm Beach County Court. He has been charged with possession of Ecstasy under State of Florida Statute §893.13 and possession of a fire arm. His case is still pending. The confidential source has been told by the State Attorney's Office they will recommend to the State Court Judge a term of 3 years on the state case. The confidential source also has a prison conviction for homicide in Dade County and served a sentence of 7 years in 1991. The confidential source has not been paid any money by the Palm Beach Sheriffs Office in this case, nor has he received any money from DEA in any case. DEA has promised the Confidential Source his cooperation in the instant case will be made known to the State Attorney's Office in Palm Beach County, Florida.

Discovery Attachments
Paragraphs 1,2,3,4,5,6

1) Consent to Search signed by MIERAK

2) Photos of surveillance and of vehicle containing pills will be provided

3) Documents relating to JANSEN:

   a. travel itinerary
   b. flight reservation
   c. airline ticket
   d. baggage claim tickedt
   e. international phone card
   f. piece of paper with numbers
   g. May 10, 2000 receipt in Italy
   h. currency receipt, October 19, 2000
   i. Publix receipt, 10/19/2000
   j. Amsterdam receipt
   k. other documents
   l. passport
   m. stationary - Hampton Inn
   n. doctor bills
   o. diary pages

4) Documents relating to RENFRUM:

   a. check in receipt - Best Western 10/14/2000 Room 913
   b. Clay Hotel receipt - 10/18/2000
   c. Clay Hotel receipt - 10/19/2000
   d. (2) baggage labels
   e. two calling cards
   f. piece of paper "EUS" unit 786-683-1694
   g. boarding pass
   h. boarding pass
   i. assorted business cards
   j. airline ticket - RENFRUM
   k. I-94 papers
   l. Dutch passport
   m. traveler check receipts
   m. Palm pilot
   n. business cards

7

5) Documents relating to MIERAK:

    a. receipt for airline ticket
    b. itinerary
    c. airline tickets
    d. room printout of Best Western Hotel
    e. receipt of Holiday Inn, 10/18/00
    f. I-94
    g. copy of airline boarding pass
    h. target receipt - MCI calling card
    i. passport
    j. business cards
    k. driver license
    l. Martin Air Flights - sheet of paper
    m. cell phone
    n. black book - with phone numbers

6) DEA subpoenaed phone records of the confidential source for 10/1/00 to 10/19/00