UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



UNITED STATES OF AMERICA,   CASE NUMBER 00-6318-CR-DIMITROULEAS
                            CHIEF MAGISTRATE JUDGE SNOW
    Plaintiff,

vs.

EUGENE MIERAK,

    Defendant.
_____/

**DEFENDANT'S DEMAND FOR SPECIFIC *KYLES* AND *BRADY* INFORMATION**

COMES NOW the Defendant, EUGENE MIERAK, by and through his undersigned counsel and, pursuant to the dictates of Kyles vs. Whitley, 115 S.Ct. 1555 (1995); Brady vs. Maryland, 373 U.S. 83 (1963); United States vs. Agurs, 427 U.S. 971 (1976); United States vs. Bagley, 473 U.S. 667 (1985); and Federal Rule Of Criminal Procedure 16, and respectfully moves for entry of an Order requiring the Government to disclose and provide the following specific information and materials known, or that with the exercise of due diligence should be known, to the Government. This information is favorable to the Defendant on the issues of guilt or



punishment, including impeachment information and other material evidence tending to discredit the Government's witnesses, in addition to other matters known to the Government that may be exculpatory or otherwise favorable to the Defendant.

The Defendant requests the following documents and information regarding the thus far undisclosed confidential informant. The Government, in its Response To Standing Discovery Order received by the undersigned on November 16, 2000 has relayed that the confidential source has a pending Palm Beach County court case in which he is charged with Possession Of Ecstasy under Florida Statute 893.13 and Possession Of A Firearm During Commission Of A Felony. Additionally, there apparently has been some type of offer made by the Palm Beach County State Attorney's Office. Further, purportedly the confidential source also has a prison conviction for a homicide for which he served seven (7) years.

The disclosure of a portion of this background without the requisite information regarding name, date of birth, case number significantly prejudices this Defendant in the preparation of any defense as well as inhibiting counsel's independent investigation as to the confidential source, his background, motives and/or credibility. Thus, the Defendant specifically seeks the following:

A. The full name of the cooperating witness, including any alias, or other false name or identifying information (date of birth) provided to any person, including law enforcement at any time.

B. The case number and name of the prosecutions (state or federal) in which the cooperating witness utilized in this case has previously been utilized as a cooperating witness or has been a defendant himself.

C. The case names and numbers of any trials or evidentiary hearings at which the cooperating witness has testified concerning: (1) his own prior criminal activity; (2) payments or rewards provided to him by the Government; (3) efforts made to induce others to participate in criminal activity; (4) the criminal activity of others; (5) or any other law enforcement-related matters.

D. Any information, whether or not memorialized in a memorandum, agent's report or other writing regarding promises of immunity, leniency, preferential treatment or other inducements made to the cooperating witness, or to any family member, friend, or associate of the witness, in exchange for the witness's cooperation, including the dismissal or reduction of charges, the nonfiling of any potential criminal charge, the promise not to

arrest or detain for a potential criminal charge, assisting in matters of sentencing or immigration; promises or expectancies regarding payments for expenses or testimony or eligibility for any award or reward. In addition to information regarding payments, promises of immunity, leniency, preferential treatment, or other inducements made to the Government witnesses, any records or information regarding payments, promises of immunity, leniency, preferential treatment offered or afforded to any family member friend, or associate of any prospective witness in exchange for said witness's cooperation.

E. Any information or records concerning any actual or implied threats of investigation or prosecution (including deportation, exclusion, etc. by the Immigration And Naturalization Service) made by the Government to the cooperating witness or family members or associates of the witness, including information as to the underlying conduct precipitating such investigations.

F. Any statement made, or information or document provided by a cooperating witness or other individual, within the knowledge of the Government or its agents, that conflicts in part or in whole with: (1) the statement of another prospective witness, (2) a prior statement made by the same Government witness, with regard to the

subject matter of the expected trial testimony of the witness, or (3) any other document or witnesses, including but no limited to:

    1. Statements or information that the Defendant, EUGENE MIERAK, was not involved criminally with the crimes charged in the Indictment.

    2. Statements or information that the Defendant, EUGENE MIERAK, was not as involved criminally as indicated by other witnesses, whether expected to be introduced by the Government or not.

G. The name and current whereabouts of any eyewitness to the underlying events of this case whom the Government does not anticipate calling as a witness at trial and a copy of any statement made by, or summary of interview of, such witness.

H. Any report, document or information which details the criminal activities of the cooperating witness which were undertaken by him/her without the authority or approval of the Government, but for which the Government has elected, formally or informally, to prosecute.

I. FBI rap sheet, NCIC printout, NADDIS, EPIC, NLETS, ATS and TECS and any other records available to the Government, reflecting the arrest, conviction and investigative history of the cooperating witness.

J. Information concerning prior misconduct by the cooperating witness in the performance of his role as an informant or witness, including (1) any prior refusal of the cooperating witness to testify for or assist the Government; (2) any prior allegation that the cooperating witness entrapped another person to commit an offense or made false statements in connection with a criminal investigation; and (3) any prior "blackballing" of the cooperating witness by any law enforcement agency.

K. Information concerning misconduct by the witness other than in his role as a witness/informant, including misconduct that reflects on the lack of candor, truthfulness or law-abiding character of the informant, such as uncharged criminal conduct or fraud. This request specifically includes any incident wherein the confidential source provided false information, including a false name to any law enforcement officer.

L. All information, records, and transcripts which in any way indicate or reveal that any prospective Government witness, in connection with this or any other case, has provided untruthful, false, misleading, incomplete or inaccurate information or testimony to:

    1. Any state or federal law enforcement officer or agency.

      2. Any state or federal grand jury.

      3. Any state or federal trial court while testifying at trial and/or any related or preliminary proceeding.

M. Information reflecting the nature and extent of assets obtained by the cooperating witnesses in connection with his/her illegal activities over the past twenty years, and whether efforts have been, or will be, made to forfeit such assets.

N. Any "records" maintained by law enforcement agencies relating to the cooperating witnesses utilized in this case, including records that the witness was:

1. Given a code name;
2. Given assumed/false identity;
3. Reasons for cooperation;
4. Whether given a polygraph exam;
5. Whether briefed on entrapment;
6. Contracts executed with any law enforcement agency;
7. Any release forms executed by the witness;
8. Records revealing the witness was advised to pay Federal Income taxes;
9. Records that he could not violate the law;
10. Records which require him to protect the false identity;
11. Records that the witness cannot use any illegal drugs.

O. If given a polygraph exam, the results of any polygraph examination performed on any potential Government witness as well as any information concerning the failure of any potential Government witness to submit to a polygraph examination.

7

P. Any Government agency files or other information revealing matters relevant to the cooperating witness's credibility, mental or physical health or narcotic or alcohol use or other dependency.

Q. All information and records revealing any potential impairment of the capacity of any prospective Government witness to observe, recollect and testify about the events giving rise to the charges filed in this case, including impairments of sight, hearing, memory, language or other physical or psychological disability.

R. All information and records indicating that any prospective Government witness (1) may have suffered from any mental or emotional disease, disorder, illness or defect at any time during the time span alleged in the Indictment filed in this case, or (2) sought or received treatment for any such mental or emotional disease, disorder, illness or defect at any time within the past five years.

S. All information and records indicating that the prospective Government witness (1) may have used cocaine, Ecstasy, marijuana, or other controlled substances or used alcohol to excess at any time during the time span alleged in the Indictment filed in this case, or (2) sought or received treatment for any substance abuse problem (including alcohol) at any time.

8

T. All information and/or statements by co-defendants, cooperating individuals, or other individuals which suggest that the Defendant was not criminally involved in all or part of the alleged activities contained within the Indictment.

U. Any and all transcripts of statements of the cooperating witness regarding criminal activity and/or the resolution of his/her criminal liability in this matter or any other made during a plea or sentencing hearing in this court or any other.

V. A complete summary of the immigration status of the cooperating witness.

W. Any and all reports, memoranda, or any other similar document prepared by any law enforcement officer or prosecutor regarding the statements of the cooperating witness during any debriefing or other aspect of his/her cooperation.

It is the Defendant's contention that the confidential source has attributed statements and/or actions to this Defendant which have not been corroborated independently. Without the benefit of the witness's name, date of birth and further disclosure of the background information regarding him, the Defendant cannot adequately conduct the necessary independent investigation.

WHEREFORE, the Defendant respectfully requests that the Government produce any and all materials and information subject to production.

I HEREBY CERTIFY that a copy of the foregoing has been furnished, by mail, this 20th day of November, 2000 to: Jeffrey Kay, Assistant U.S. Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, FL 33394; Samuel J. Smargon, Attorney for Oswaldo Renfrum, 101 NE Third Avenue, Suite 202, Fort Lauderdale, FL 33301-1100; and William M. Norris, Attorney for Orlando Jansen, 3225 Aviation Avenue, Suite 300, Coconut Grove, FL 33133-4741.

> LYONS AND SANDERS CHARTERED
> Counsel for Defendant
> 600 NE Third Avenue
> Fort Lauderdale, FL 33304
> Telephone: (954)467-8700
> Facsimile: (954)763-4856
>
> BY: _____
> HOWARD L. GREITZER
> FLORIDA BAR NO. 249505