UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,        CASE NUMBER 00-6318-CR-WPD

    Plaintiff,

vs.

EUGENE MIERAK,

    Defendant.
_____/

### MOTION FOR PRETRIAL JAMES HEARING AND MOTION FOR PRETRIAL HEARING TO DETERMINE THE ADMISSIBILITY OF CO-DEFENDANTS' OUT-OF-COURT STATEMENTS

COMES NOW the Defendant, EUGENE MIERAK, by and through his undersigned counsel and respectfully moves this Honorable Court for an Order requiring the Government to establish the existence of a conspiracy in which the Defendant is alleged to have participated and, further, pursuant to Rule 104(A) of the Federal Rules Of Evidence that any statements the Government wishes to attribute to the Defendant either as direct or vicarious admissions were made during and in furtherance of any conspiracy and/or whether those of Co-Defendants are appropriately admissible pursuant to the



guidelines as set forth in United States vs. James, 590 F.2d 575 (5th Cir.) *en banc*, *cert. denied*, 442 U.S. 917 (1979). In support of said motion, Defendant states as follows:

1. In Count I, the Defendant, EUGENE MIERAK, together with other named Defendants is charged with conspiracy to violate Title 21, Section 846.

2. Count I of the Indictment alleges that the Defendant did knowingly and intentionally combine, conspire, confederate and agree together with each other and other persons, both known and unknown to the Grand Jury, to knowingly and intentionally distribute quantities of controlled substances.

3. That the allegations contained in the Indictment as to Count I indicate that the Government will attempt to introduce, pursuant to Rule 801(d)(2)(E), Federal Rules Of Evidence, out-of-court statements by alleged co-conspirators against this Defendant at trial.

4. It is therefore appropriate, in light of the Government's intention, to introduce statements and to create the belief that a conspiracy existed that the procedures mandated by United States vs. James, *supra*, be applied by this Court prior to the introduction of these statements before the jury, in order to

determine whether the Government is able to show, by substantial evidence, independent of conversations themselves, that these purported conspiracies existed and that this Defendant was a member thereof, and, further, that the declarations were made during the course and in furtherance of said conspiracy.

5. The pretrial determination of these issues might very well indicate the necessity of granting this Defendant a severance from the trial of the remaining Co-Defendants.

6. For all of these reasons, the Defendant submits that the most appropriate method of safeguarding his right to a fair trial is for this Honorable Court to set aside time for a pretrial evidentiary hearing, at which time the Government will be required to demonstrate whether they can meet the threshold requirements as set forth in <u>James</u>, *supra*.

WHEREFORE, the Defendant respectfully requests a pretrial hearing to determine the issues as set forth above.

I HEREBY CERTIFY that a copy of the foregoing has been furnished, by mail, this 29th day of November, 2000 to: Jeffrey Kay, Assistant U.S. Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, FL 33394; Samuel J. Smargon, Attorney for Oswaldo Renfrum, 101 NE Third Avenue, Suite 202, Fort Lauderdale,

FL 33301-1100; and William M. Norris, Attorney for Orlando Jansen, 3225 Aviation Avenue, Suite 300, Coconut Grove, FL 33133-4741.

LYONS AND SANDERS CHARTERED
Counsel for Defendant
600 NE Third Avenue
Fort Lauderdale, FL 33304
Telephone: (954)467-8700
Facsimile: (954)763-4856

BY: _____
HOWARD L. GREITZER
FLORIDA BAR NO. 249505